UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KAI HUANG,

           Petitioner,

    v.

WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

           Respondents.

No.  1:25-cv-02046-DC-SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee representing himself in this habeas corpus action filed pursuant to 28 U.S.C. § 2241.  This action was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).  The briefing deadlines set by the court in this case have passed and the habeas petition is therefore deemed submitted on the record.  See 28 U.S.C. § 2243 (emphasizing that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require").

## I.     Factual and Procedural History

Based on the verified § 2241 petition that petitioner filed under penalty of perjury, petitioner is a native of China who has been in immigration detention since May 30, 2025.[1]  ECF

---

[1]  The circumstances and length of petitioner's residence in the United States are not clear from the present record.

1

No. 1 at 2.  Petitioner is detained at the Golden State Annex in McFarland, California which is located in this judicial district.  Petitioner indicates that Immigration and Customs Enforcement ("ICE") detained him without the opportunity to contest his detention in the last six months.  ECF No. 1 at 2.  According to petitioner, the government cannot show that there is a "significant likelihood of [his]removal in the reasonably foreseeable future."  Id.  Petitioner further indicates that a travel document, which is necessary in order for him to be removed to China, is also not "in sight."  Id.  In his first ground for relief, petitioner contends that his continued detention violates the Fifth Amendment's Due Process Clause because there is no significant likelihood that he will be removed to China in the reasonably foreseeable future.  Id. at 13.  Petitioner submits that his ongoing detention violates the Supreme Court's decision in Zadvydas v. Davis, 533 U.S. 678 (2001).  Id.   He also challenges ICE's third country removal practices although it is not clear whether ICE is seeking to remove him to a country other than China.  By way of relief, petitioner seeks to be immediately released from immigration detention and to be provided notice and an opportunity to challenge his removal to any third country.  ECF No. 1 at 19.

On December 31, 2025, the undersigned ordered respondents to file an answer/return to the habeas petition within 14 days.  ECF No. 5.  This order further directed respondents to include "any and all transcripts or other documents relevant to the determination of the issues presented in the habeas application."  ECF 5 at 2.

However, respondents did not file an answer or return.  Nor did respondents include any transcripts or other documents pertaining to petitioner's immigration proceedings.  Instead, respondents filed a document captioned as a "Combined Opposition."  ECF No. 6.  This pleading filed by counsel makes no meaningful substantive points and includes multiple assertions that are not supported by either the facts of this case or any legal authority.  To highlight this point, for example, respondents submit that "the detention authority in this case is lawful under the Constitution and applicable provisions of the Immigration and Nationality Act" without ever identifying which portion of the INA applies to petitioner.  ECF No. 6 at 1.  Respondents also state that "appeals are currently pending in the Ninth Circuit that are likely to have precedential effect on current immigration habeas litigation, including this case," but do not identify what

those appeals are of how they might impact this case.  Given that the squarely-presented issue in this case is whether petitioner's detention is constitutional in light of Zadvydas, a 25-year-old Supreme Court precedent, this assertion is dubious.  Instead of following the court's order by responding substantively to the petition and including relevant agency documents, respondents choose to simply delay these proceedings involving a detained individual by requesting "that the Court set a briefing schedule, with [a] deadline for filing Respondents' opposition to the habeas petition and any relevant documents… 180 days from the date of the Court's order."  ECF No. 6 at 2.[2]

According to the Executive Office of Immigration Review's Automated Case Information system, an Immigration Judge ("IJ") issued a final order of removal in petitioner's case on September 15, 2025.  See https://acis.eoir.justice.gov/en/caseInformation.  This system also indicates that "no appeal was received for this case" by the Board of Immigration Appeals ("BIA").  Id.  The Court takes judicial notice of this information related to petitioner's immigration proceedings.  See Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (a court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

**II.    Legal Standards**

Title 8 Section 1231(a) of the United States Code governs the detention of a noncitizen after a final order of removal has been issued.  Detention is mandatory during the 90-day "removal period" following the entry of a final order of removal.  See 8 U.S.C. § 1231(a)(1)-(2).

---

[2] Other aspects of respondents' "Combined Opposition" are baffling.  For example, respondents write, as to petitioner's application for a writ of habeas corpus, "[t]his Court appeared to construe this filing as a petition for a writ of habeas corpus[.]"  The court did not *construe* anything.  Petitioner filed a "petition for writ of habeas corpus," and the court ordered a response to the petition.  Moreover, respondents invite the court to construe the petition as a motion for a temporary restraining order ("TRO"), while still opposing the granting of a TRO.  In combination with the issues identified above, these statements leave the court with the distinct sense that the U.S. Attorney's Office filed this "Combined Opposition" without meaningfully attempting to determine whether there is a factual and legal basis to oppose the petition.

3

"This 'removal period' begins on the latest of either (1) the date a noncitizen's 'order of removal becomes administratively final,' (2) the date of a court's final order, if the noncitizen's removal order is judicially reviewed and [the Ninth Circuit Court of Appeals] stays the noncitizen's removal, or (3) the date the noncitizen is released from criminal detention or confinement." Avilez v. Garland, 69 F.4th 525, 531 (9th Cir. 2023) (quoting 8 U.S.C. § 1231(a)(1)(B)(i)-(iii)). An order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order." Ocampo v. Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)). "If the [noncitizen] does not leave or is not removed within the removal period, the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). ICE "may" only continue to detain the noncitizen after the 90 day removal period if he falls into certain categories, including that he entered "the United States without being admitted or paroled," or arrived "in the United States at any time or place other than as designated by the Attorney General." 8 U.S.C. §§ 1231(a)(6), 1182(a)(6)(A)(i).

This federal statutory scheme also implicates petitioner's due process rights under the Fifth Amendment. See Zadvydas v. Davis, 533 U.S. 678, 692 (2001) (describing "[t]he serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without any such protection" as "obvious."); see also Nguyen v. Hyde, 788 F. Supp. 3d 144, 152 (D. Mass. 2025) (noting that 8 C.F.R. § 241.13(i) was "promulgated to protect a fundamental right derived from the Constitution or a federal statute…."). In Zadvydas, 533 U.S. 678, the Supreme Court read an implicit due process limitation into the immigration statute governing the removal of noncitizens who had already entered the United States and were subject to a final order of removal in order to avoid serious constitutional problems. The High Court concluded that "the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. As a result, the Supreme Court concluded that "once [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Zadvydas, 533 U.S. at 699. In order to establish a

4

uniform standard for determining when ongoing detention crosses constitutionally acceptable limits, the Court created a presumptively reasonable six month period of detention.  Id. at 701.  If a noncitizen "provides a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  Id.

### III.    Analysis

Petitioner contends that his continued detention is unconstitutional under the standard established in Zadvydas because his removal is not reasonably foreseeable and he has been detained for more than 6 months.  The only record available in this case indicates that an IJ issued a removal order for petitioner on September 15, 2025.  An order of removal made by an immigration judge at the conclusion of proceedings  becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time."  8 C.F.R. § 1241.1(c).  Therefore, the deadline to appeal the IJ's order of removal in this case expired on October 15, 2025 rendering it a final administrative order at that time.  Id.  Respondents had 90 days from that date to effectuate petitioner's removal to China while continuing to detain him.  That 90 day removal period expired on January 13, 2026 without any indication or travel document being issued which establishes that petitioner is not likely to be removed in the foreseeable future.  Respondents do not suggest, much less demonstrate, that petitioner is subject to an additional period of detention beyond the 90 day removal period for any of the reasons enumerated in 8 U.S.C. § 1231(a)(6).  Therefore, the undersigned finds that there is no evidence in the record to establish any statutory basis for petitioner's detention beyond the 90 day removal period which has already expired.  By failing to substantively respond to the petition, respondents have not rebutted petitioner's showing that there is no significant likelihood of his removal to China in the reasonably foreseeable future.  Thus, in accordance with Zadvydas, the undersigned recommends granting petitioner's § 2241 application by immediately releasing him on any necessary conditions of supervision pending his removal to China.  Since there is no indication on the present record that respondents are attempting to remove petitioner to a third country, the undersigned recommends denying the remaining § 2241 claims related to respondents' third

country removal practices.

Accordingly, IT IS RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (ECF No. 1) be granted, in part, based on the lack of any substantive answer filed by respondents in this case as well as the undisputed record before this Court.

2. Respondents be ordered to release petitioner on any necessary conditions of supervision pending any attempts respondents may be making to remove him to China.

3. Respondents be further directed to file a notice certifying compliance with the above provision within 3 days from the date of any order adopting these Findings and Recommendations.

4. All pending motions be denied as moot.

5. The Clerk of Court be directed to enter judgment in favor of petitioner and to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 23, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6